UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 21-60228-CIV-ALTMAN/HUNT

SKENDER SEHOU,

        Plaintiff,

vs.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,[1]

        Defendant.
_____/

## REPORT AND RECOMMENDATION

This CAUSE is before this Court on Plaintiff's Motion for Summary Judgment, ECF No. 24, and Defendant's Motion for Summary Judgment, ECF No. 27. The Honorable Roy K. Altman referred this case to the undersigned United States Magistrate Judge for a Report and Recommendation. S*ee* 28 U.S.C.A. § 636(b); S.D. Fla. L.R., Mag. R. 1. Having carefully reviewed the motions, the responses, the entire case file, and applicable law, and being otherwise fully advised in the premises, the undersigned respectfully RECOMMENDS that Plaintiff's Motion for Summary Judgment be DENIED, and Defendant's Motion for Summary Judgment be GRANTED, as explained below.

**I.    Procedural History**

Skender Sehou, Plaintiff, here seeks a correction regarding his request for Supplementary Security Income ("SSI"). ECF No. 24 at 1. After Plaintiff's claims were denied at both the initial and reconsideration levels, Plaintiff then requested a hearing

---

[1] Although Andrew Saul was the Commissioner of the Social Security Administration at the time this case was filed, Kilolo Kijakazi is now the Acting Commissioner of the Social Security Administration and is automatically substituted as Defendant pursuant to Federal Rule of Civil Procedure 25(d).

before an Administrative Law Judge ("ALJ").  *Id.*  The ALJ issued a decision denying those claims on August 28, 2020.  *Id.* at 2.  The Appeals Council denied his request for review on December 7, 2020, and he now seeks judicial review pursuant to 42 U.S.C. § 405(g).  *Id.* at 1–2.

To determine whether a claimant is disabled, the Social Security Regulations outline a five-step process:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity ("RFC") assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience.

*Winschel v. Comm'r of Soc. Sec.*, 631 F. 3d 1176, 1178 (11th Cir. 2011).

Here, at step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since May 15, 2018.  ECF No. 24 at 3.  At step two, the ALJ found that Plaintiff had the following severe impairments:  obesity, degenerative changes of the lumbar and cervical spine, carpal tunnel syndrome, chronic obstructive pulmonary disease, anxiety, depression, bipolar disorder, post-traumatic stress disorder, and somatic disorder.  *Id.*  At step three, the ALJ found that Plaintiff does not have an impairment or a combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix I.  *Id.*  At step four, the ALJ in assessing Plaintiff's RFC found he could perform:

> light work as defined in 20 CFR 416.967(b), except can occasionally climb ramps and stairs; can occasionally balance, stoop, kneel, crouch, and crawl; can occasionally reach overhead; can occasionally be exposed to extreme heat, extreme cold, pulmonary irritants, and vibration; can frequently

> handle, finger, and feel; can never climb ladders, ropes, or scaffolds; can never be exposed to unprotected heights or dangerous moving machinery. The claimant can understand and remember simple instructions; can sustain attention and concentration to complete simple tasks with regular breaks every two hours; can interact as needed with supervisors and coworkers and occasionally interact with the public; can adapt to routine work conditions and occasional workplace changes.

*Id.* at 3–4. The ALJ, with the assistance of a vocational expert ("VE"), ultimately determined that the Plaintiff was unable to perform his past relevant work. *Id.* At step five, the ALJ determined there were jobs available in the national economy that Plaintiff could perform, including merchandise marker, office helper, or garment folder. *Id.* at 4, 7. Accordingly, the ALJ found that Plaintiff was not disabled. *Id.*

## II.     Standard of Review

Judicial review of the ALJ's decision in a disability case is "limited to an inquiry into whether there is substantial evidence to support the findings of the [ALJ], and whether the correct legal standards were applied." *Wilson v. Barnhart*, 284 F.3d, 1219, 1221 (11th Cir. 2002) (citing 42 U.S.C. § 405(g)). Whether the ALJ applied the correct legal standards is a question of law, which this Court reviews de novo. *Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986) (citing *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982)). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)). In determining whether substantial evidence exists, the court must scrutinize the record in its entirety, "taking into account evidence favorable as well as unfavorable to the decision." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the court may not reweigh the evidence or substitute its

judgment for that of the ALJ. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)). Even if the evidence preponderates against the ALJ's decision, the reviewing court must affirm if the decision applies the correct legal standard and is supported by substantial evidence. *Id*. (citing *Phillips*, 357 F.3d at 1240 n.8).

### III. Analysis

Plaintiff makes two arguments as to why his case should be reconsidered. The undersigned addresses each argument in turn.

    a. <u>Whether the ALJ erred by failing to apply the correct legal standards to Dr. McIntyre and Dr. Mihm</u>

Plaintiff first asserts that the ALJ erred by failing to apply the correct legal standards to two State Agency consultants, Dr. McIntyre and Dr. Mihm, under the new regulations governing claims such as Plaintiff's that were filed after March 27, 2017. These new regulations alter the way ALJs are required to consider medical source statements. In pertinent part, treating source statements are no longer entitled to any particular deference. Instead, the ALJ evaluates the persuasiveness according to the following five factors:

    (1) Supportability
    (2) Consistency
    (3) Relationship with the claimant (which includes)
        (i)   Length of the treatment relationship
        (ii)  Frequency of examinations
        (iii) Purpose of the treatment relationship
        (iv) Extent of the treatment relationship
        (v)  Examining relationship
    (4) Specialization
    (5) Other factors

20 C.F.R. § 404.1520c(c).

Of primary importance in this analysis are the supportability and consistency factors.  20 C.F.R. § 416.920c(b)(2).  As such, how the ALJ considers these factors must be explained, while explaining the remaining factors is optional.  *Id.*

The ALJ found Dr. McIntyre and Dr. Mihm's opinions persuasive.  However, Plaintiff argues that the ALJ failed to account for certain findings in the doctors' opinions that, had they been accounted for, would have altered the determination at step five.  Specifically, Plaintiff argues that the ALJ failed to account for Dr. McIntyre's opinion that Plaintiff "may struggle to accept instructions and respond appropriately to criticism from supervisors" and Dr. Mihm's opinion that he "may perform best in a setting that does not require extensive social interaction" due to mood symptoms and a reported history of "aggressive behaviors." ECF No. 24 at 6.  Although Plaintiff acknowledges the ALJ found that Plaintiff could "interact as needed with supervisors and coworkers," Plaintiff argues this is insufficient to account for Dr. McIntyre and Dr. Mihm's opinions because "as needed" contains no realistic limitations.  *Id.* at 8.  Plaintiff notes that "[i]n order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Id.* at 7 (quoting *Wilson v Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002)).  By failing to fully account for the opinions of Dr. McIntyre and Dr. Mihm, Plaintiff argues, the ALJ erred.

Defendant responds that it is ultimately the responsibility of the ALJ to assess the claimant's RFC, and thus "the task of determining a claimant's [RFC] and ability to work rests with the [ALJ], not a doctor."  ECF No. 27 at 5 (quoting *Moore v. Soc. Sec. Admin., Comm'r*, 649 F. App'x 941, 945 (11th Cir. 2016)).  Defendant also points out that Dr. McIntyre and Dr. Mihm's statements are equivocal, and further notes that Dr. Mihm, at

5

the reconsideration level, did find that Plaintiff could perform simple tasks with ordinary supervision.  *Id*. at 8. Ultimately, Defendant argues, substantial evidence supports the ALJ's RFC assessment, and Plaintiff has not shown that he could not perform the jobs identified by the VE.

The undersigned finds the ALJ's RFC supported by substantial evidence in the record.  The undersigned notes that other courts have found that use of the word "may" is indeed equivocal and can indicate that a doctor did not actually opine that a Plaintiff could not adhere to a work restriction.  *See Owens v. Colvin*, No. 1:13-CV-01931-AJB, 2015 WL 5311078, at *10 (N.D. Ga. Sept. 11, 2015); *Williams v. Comm'r of Soc. Sec.*, No. 618CV350ORL40GJK, 2019 WL 957885, at *7 (M.D. Fla. Feb. 12, 2019), *report and recommendation adopted*, No. 618CV350ORL40GJK, 2019 WL 952309 (M.D. Fla. Feb. 27, 2019).  Further, the ALJ did consider Plaintiff's difficulties with authority and noted that he had "moderate limitations interacting independently, appropriately, effectively, and on a sustained basis with other people."  ECF No. 18 at 26.  The ALJ likewise observed that Plaintiff had moderate limitations "controlling his emotions and behavior in a manner appropriate for the work setting."  *Id.*

Although Plaintiff makes much of the ALJ's finding that Plaintiff could "interact as needed with supervisors and coworkers," because "as needed" contains no functional limitations, the undersigned notes that even if that is the case, no functional limitations are required given the equivocal nature of the doctors' findings.  Ultimately, the ALJ expressly stated that "claimant's [mental] impairments cause him some ongoing functional limitations," but stated that the RFC adequately accounted for those limitations.

6

Given the equivocal nature of the assessments, and the ALJ's stated accounting for those assessments, the undersigned finds the ALJ did not err in that determination.

Accordingly, the undersigned finds the ALJ's RFC assessment supported by substantial evidence. Plaintiff's first argument should therefore be denied.

b. <u>Whether Plaintiff is entitled to a legitimate valid hearing before an ALJ who has lawful authority to hear and decide his claim based on valid legal authority</u>

In his second argument, Plaintiff argues the ALJ who heard his case was without lawful authority to do so. This argument flows from the structure of the Social Security Agency, which allegedly violates the separation of powers doctrine. *See Selia Law LLC v. Consumer Financial Protection Bureau,* 140 S. Ct. 2183, 2197 (2020). Given the allegedly unconstitutional structure, Plaintiff argues he was denied a valid adjudicatory process.

This argument has been raised and soundly rejected in this District. *See, e.g.*, *Crowley v. Kijakazi*, No. 20-62287-CIV-COHN/STRAUSS, 2022 WL 2805509, at *9 (S.D. Fla. June 30, 2022), *report and recommendation adopted*, No. 20-62287-CIV-COHN/STRAUSS, 2022 WL 2802664 (S.D. Fla. July 18, 2022) (collecting cases). In *Crowley*, the plaintiff contended she had been injured because: 1) She did not receive a constitutionally valid hearing and adjudication from an ALJ to which she was entitled; 2) She did not receive a constitutionally valid decision from an ALJ to which she was entitled; 3) She received an unfavorable decision from this constitutionally illicit ALJ adjudication process; 4) She did not receive a constitutionally valid process from the SSA's Appeals Council to which she was entitled; and 5) She did not receive a constitutionally valid determination by the Appeals Council to which she was entitled. *Crowley*, 2022 WL

2805509, at *9 (S.D. Fla. June 30, 2022).  Here, Plaintiff alleges, word for word, the same harms.  ECF No. 24 at 11-12.

The *Crowley* court found that such "overgeneralized, conclusory claims, which are all reworded expressions of the same alleged defect, flatly fail to establish harm."  *Id.*  That court also noted, "there is no link between the ALJ's decision . . . and the allegedly unconstitutional removal provisions." *Id. (quoting Decker Coal Co. v. Pehringer*, 8 F.4th 1123, 1138 (9th Cir. 2021) (alterations in original).  That court ultimately found that "because Plaintiff . . . failed to establish anything even arguably close to the type of harm the Supreme Court envisioned, and because she has failed to show that the ALJ's decision was unlawful, her constitutional argument does not entitle her to any relief."  *Id.; see also Collins v. Yellen*, 141 S. Ct. 1761, 1788-89 (2021) (holding that a plaintiff must show that "an unconstitutional provision . . . inflict[ed] compensable harm").

Plaintiff here has not set forth any facts, other than conclusory allegations, that show any connection between the removal provision and any possible harm to Plaintiff.  Given the similarity of the arguments, the undersigned sees no cause to differ from the *Crowley* court's well-reasoned findings.  Accordingly, Plaintiff's second point should be denied.

**IV.   Recommendation**

For the reasons set forth above, the undersigned hereby RECOMMENDS that Plaintiff's Motion for Summary Judgment be DENIED, and that Defendant's Motion for Summary Judgment be GRANTED.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above

findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

DONE and SUBMITTED at Fort Lauderdale, Florida, this 18th day of August 2022.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
    The Honorable Roy K. Altman
    All Counsel of Record