UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-60228-CIV-ALTMAN/Hunt

**SKENDER SEHOU**,

    *Plaintiff*,

v.

**ANDREW SAUL,**
**Commissioner of Social Security**,

    *Defendant*.
_____/

## ORDER

On November 5, 2021, the Plaintiff filed a Motion for Summary Judgment [ECF No. 24] (the "Plaintiff's MSJ"). The Defendant responded to the Plaintiff's MSJ and filed its own cross-motion for summary judgment on January 3, 2022. *See* [ECF No. 27] (the "Defendant's MSJ"). We referred the case to Magistrate Judge Patrick M. Hunt, *see* Order of Referral [ECF No. 23], who recommended that we deny the Plaintiff's MSJ and grant the Defendant's MSJ, *see* Report and Recommendation [ECF No. 29] (the "R&R") at 8–9. Magistrate Judge Hunt also warned the parties as follows:

> Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

*Ibid.* No party has objected to the R&R, and the time to do so has passed. *See generally* Docket.

When a magistrate judge's "disposition" has been properly objected to, district courts must review that disposition *de novo*. FED. R. CIV. P. 72(b)(3). But, when no party has timely objected, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted). Although

Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged that Congress' intent was to require *de novo* review only where objections have been properly filed—and not, as here, when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

The Court has reviewed the R&R, the record, and the applicable law, and can find no clear error on the face of the R&R. Accordingly, the Court hereby **ORDERS AND ADJUDGES** as follows:

1. The R&R [ECF No. 29] is **ACCEPTED and ADOPTED**.
2. The Plaintiff's MSJ [ECF No. 24] is **DENIED**.
3. The Defendant's MSJ [ECF No. 27] is **GRANTED**.
4. The Clerk shall **CLOSE** this case.
5. All other pending motions are **DENIED as moot**, all hearings are **CANCELLED**, and any deadlines are **TERMINATED**.
6. Pursuant to FED. R. CIV. P. 58, the Court will enter final judgment separately.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 7th day of September 2022.

**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record